21723

Elizabeth SICKORA, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, and Lincoln Property Co. C & S, Inc., Appellants. Mary Lou MILLER, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, and Lincoln Property Co. C & S, Inc., Appellants (two cases).

(292 S. E. (2d) 593)

*Belser, Ravenel & Smith,* Columbia, *for appellants.*

*W. N. Moore, Jr.,* Columbia, *for respondents.*

June 8, 1982.

LITTLEJOHN, Justice:

These two separate actions were commenced by Elizabeth Sickora and by Mary Lou Miller, tenants, against their landlord and rental agent, Metropolitan Life Insurance Company and Lincoln Property Co. C & S, Inc. The Complaints sought to recover damages to the tenants' personal property caused when a water pipe froze and burst in and near their apartment

on January 21, 1977. The cases were consolidated for both trial and this appeal.

Among the allegations in the tenants' Complaints were: "... That the Defendants [landlord and rental agent] by their agents and servants were negligent, willful, wanton, careless and grossly negligent in the following particulars:

> (a) In permitting the said water pipes to freeze and burst when he should have known of the susceptibility of the said pipes to freeze and burst.
> (b) In failing to use reasonable and ordinary care in managing the part of the premises over which he retained control.
> (c) In failing to keep the said pipes in such a safe condition that damage occurred to the personal property of the Plaintiff, all of which were the direct and proximate cause of the injuries and damages suffered by the Plaintiff herein."

These cases were tried before a jury and resulted in verdicts in favor of the tenants in the amount of $4,200 each. The landlord and rental agent then made three motions before the trial judge, (1) a motion for judgment notwithstanding the verdict, (2) a motion for a new trial outright, and (3) a motion for a new trial *nisi.* The lower court denied (1) and (2) but granted the motion for a new trial *nisi* upon the condition that each of the tenants remit a portion of her verdict, which they did.

The main issue presented by this appeal and as taken from the landlord's brief, is whether or not ... "the plaintiffs [tenants], if one believes all testimony favorable to them, proved any negligence against the defendants [landlord and tenant]."

Counsel for the tenants during oral argument before this Court, was called upon to point out the evidence in the transcript of record which tended to prove any one or more allegations of negligence as quoted hereinabove. He was unable to cite any evidence in the record to warrant the conclusion that the landlord had breached any duty to the tenants.

We are of the opinion that there is a total failure of proof on the issue of the landlord's and rental agent's negligence which proximately caused the tenants' loss of personal property. Verdicts should have been directed and judgments notwithstanding the verdict should have been granted.

Inasmuch as no negligence was shown, it is unnecessary to discuss the effect of the provisions of the lease agreement pled as a defense.

Counsel for the tenants argue that since the landlord ■ and rental agent prevailed on one of the motions—for a new trial *nisi*—they are precluded from appealing the denial of the motion for a judgment notwithstanding the verdict. In effect, counsel contends that the legal remedies of the landlord and agents were exhausted at the trial level and that no appeal is permitted.

This contention is without merit. It is obvious that the basic contention of the landlord is that no cause of action was proven. We have hereinabove agreed. The motion for a new trial *nisi* was merely alternative relief. The alternative relief did not prevent a review by this Court on the basic contention. If the primary relief had been granted, as it should have been, the alternative motion would have been unnecessary.

These cases are reversed and remanded to the lower court for entry of judgment in favor of the landlord and rental agent.

Reversed and remanded.